UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PREMIERE, INC. | CIVIL ACTION NO. 6:10-cv-0627 |
| VERSUS | JUDGE HAIK |
| GBR EQUIPMENT, INC. | MAGISTRATE JUDGE HANNA |

### RULING ON MOTION TO COMPEL

Pending before the Court is the motion to compel filed by the defendant, GBR Equipment, Inc. (Rec. Doc. 37). The issues presented in the motion have all been resolved with the exception of GBR's seeking to compel the plaintiff, Premiere, Inc., to respond to Interrogatory Nos. 7 and 8 and Request for Production Nos. 15 and 16 of the discovery requests propounded by GBR on June 30, 2011. For the following reasons, the motion is DENIED.

#### ANALYSIS

Premiere contends that it rented certain oilfield equipment to GBR, beginning in June 2009 and ending in November 2009, which was used in connection with the King Salmon job in Alaska. Premiere further contends that, although GBR has paid $100,168.00 toward the amount charged, the unpaid balance owed by GBR is $1,475,886.40. (Rec. Doc. 1 at ¶ 9; Rec. Doc. 1-3 at 1).

GBR claims that no lease agreement was confected between GBR and Premiere (Rec. Doc. 48 at 9) and further claims there was no agreement between GBR and Premiere as to the rental to be charged for the use of the equipment on the King Salmon job. (Rec. Doc. 48 at 1). In the subject interrogatories and requests for production, GBR seeks to discover (1) the identity of the entities to whom Premiere rented the equipment during the six months prior to the rental to GBR and during the time period after the King Salmon job was completed and (2) the price charged by Premiere to those other entities for those rentals, along with (3) supporting documents. GBR seeks to compare the amount charged by Premiere to GBR on the King Salmon with amounts charged by Premiere to others on other jobs in order to determine what price should have been charged by Premiere.

Premiere objected to this discovery on the basis that the information is irrelevant to the claim, over burdensome to determine as the tools are not part of a package and a search would have to be undertaken for each individual tool, the entity to whom it was leased, for how long and for how much. Premiere further contends there is no dispute as to the amount of the rent and provided documentation to that effect in the form of invoices attached to the complaint and other documents attached to its brief. Therefore, what Premiere may have charged to others is not designed to lead to any discoverable information. (Rec. Doc. 49 at 2).

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." GBR contends that the rent amount, which is in dispute, may be fixed by the court citing La. C.C.Art. 2676. Such a contention is misplaced. The statute only provides for a court to fix the rent once the rent "has been established and thereafter is subject to redetermination." That is not the case here.

There are two requirements for a lease to exist: agreement as to the thing leased and the rent. La. C.C. Art. 2668 The comments make clear that without these elements, there is no lease.[1] Under this scenario, the agreement is what is at issue, not what Premiere may have charged other customers and that information is not material. If there is no lease, this case becomes a collection lawsuit in the nature of a suit on an open account.

Under Louisiana law, an open account is defined as including "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of the contracting the parties expected future transactions."[2] The burden of proof for such a suit is well settled. "The creditor must first prove the account by showing that the record of the account

---

[1] See Comment (d) to La. C.C. Art. 2668, and comment (a) to La.C.C. Art 2676 and cases cited therein.

[2] La. R.S. 9:2781(D).

was kept in the course of business and by introducing evidence regarding its accuracy. Once a prima facie case has been established by the creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove the debtor is entitled to certain credits."[3]  The amount of an account is a question of fact.[4]

Therefore, in this case, Premiere has the burden of either proving the existence of the rental agreement, which by definition requires an agreement on the rent, or of producing business records establishing the fact of the account and the amount that is owed. The burden will then shift to GBR to prove that the account presented by Premiere is inaccurate or that GBR is entitled to a credit against the amount established by Premiere. Besides interest and attorney's fees, there are no damages sought other than payment of the amount charged for the use of the equipment. Therefore, the amount charged by Premiere to any other client at any other time is wholly immaterial and Premiere should not be compelled to produce the information requested in Interrogatory Nos. 7 and 8 and Request for Production Nos. 15 and 16. Accordingly,

---

[3] *Metal Coatings, L.L.C. v. Petroquip Energy Services, L.P.*, 06-1118 (La. App. 3 Cir. 11/21/07), 970 So.2d 695, 698.  See, also, *Jacobs Chiropractic Clinic v. Holloway*, 589 So.2d 31, 34 (La. App. 1 Cir.1991); *Cline v. George Kellett & Sons, Inc.*, 96–456 (La. App. 5 Cir. 11/14/96), 685 So.2d 206, 208.

[4] See, e.g., *Deutsch, Kerrigan & Stiles v. Fagan*, 95-0811 (La. App. 1 Cir. 12/15/95), 665 So.2d 1316, 1320, *writ denied*, 96-0194 (La. 03/15/96), 669 So.2d 418.

IT IS ORDERED that GBR's motion to compel (Rec. Doc. 37) is DENIED.

Signed at Lafayette, Louisiana on September 23rd , 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)